**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shizue S. White, | CV-14-1021-PHX-JAT |
| Plaintiff(s), | |
| v. | **ORDER** |
| Aurora Loan Services LLC, Nationstar Mortgage LLC, | |
| Defendant(s). | |

Plaintiff brought this lawsuit seeking to prevent Defendants from conducting a Trustee's Sale of her residence.  Pending before this Court is Defendants' motion to dismiss in which Defendants argue the complaint fails to state a claim.  Doc. 13.  Previously, this Court granted a preliminary injunction to enjoin the Trustee sale of Plaintiff's residence.  Doc. 25.  Therefore, none of the waiver provisions of A.R.S. § 33-811(C) are applicable.

## I.   Background

Plaintiff refinanced her house in March 2007, with the lender on the note being American Broker's Conduit.  Doc. 13 at 3; Doc. 36 at 2.  The note was secured by a Deed of Trust under which the Trustee was Chicago Title Insurance Company and the beneficiary was Mortgage Electronic Registrations Systems, Inc. ("MERS").[1] Defendants allege that

---

[1] Although both parties attached various documents to the motion, response and reply, the Court cannot locate a Deed of Trust executed in 2007.  However, it appears that the controlling Deed of Trust is attached to Plaintiff's motion for preliminary injunction.

American Broker's Conduit hired Aurora Loan Services, L.L.C. ("Aurora") to service the note. Doc. 13 at 2. Defendants allege that at some point American Broker's Conduit sold or assigned the note and its proceeds to U.S. Bank as Trustee for the Certificate Holders of the LXS 2007 7N Trust Fund ("U.S. Bank"). Doc. 13 at 13. Defendants further allege that after July 1, 2012, either American Broker's Conduit or U.S. Bank relieved Aurora of its servicing responsibilities, and engaged Nationstar Mortgage, L.L.C. ("Nationstar") to service the note. Doc. 13 at 2.

Nationstar contends that it is still the servicer through today, and that being a servicer is its only involvement with this transaction. However, the record, including Nationstar's own filings, shows that Nationstar's legal obligations go beyond that of merely being a servicer. For example, MERS assigned the beneficial interest in the Deed of Trust that secures Plaintiff's residence to Nationstar. Doc. 13 at 13; 51. Notably, MERS made this assignment as nominee for American Broker's Conduit on August 31, 2012. Then, on November 6, 2013, MERS (as nominee for American Broker's Conduit) assigned the "Deed of Trust," including MERS' "beneficial interest under the Deed of Trust" to U.S. Bank (in the fiduciary capacity listed above). Doc. 38 at 21. After MERS assigned its beneficial interest in the Deed of Trust that secures Plaintiff's residence to two different entities, on February 26, 2014, Nationstar as "Attorney in Fact" for U.S. Bank appointed Clear Recon Corporation as Trustee of the Deed of Trust that secures Plaintiff's residence. Doc. 13 at 13, 48. Defendants further allege that Clear Recon Corporation noticed a Trustee sale on April 26, 2014. Doc. 8 at 8. As indicated above, this Court enjoined that sale.

## II.   Motion to Dismiss

Defendants move to dismiss Plaintiff's entire complaint under Federal Rule of Civil Procedure 12(b)(6). The Court may dismiss a complaint for failure to state a claim under 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

---

Doc. 6 at 28.

1 Cir. 1990).

2       To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the

3 requirements of Federal Rule of Civil Procedure 8(a)(2).  Rule 8(a)(2) requires a "short and

4 plain statement of the claim showing that the pleader is entitled to relief," so that the

5 defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell*

6 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41,

7 47 (1957)).

8       Although a complaint attacked for failure to state a claim does not need detailed

9 factual allegations, the pleader's obligation to provide the grounds for relief requires "more

10 than labels and conclusions, and a formulaic recitation of the elements of a cause of action

11 will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).  The factual allegations

12 of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*.

13 Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief.

14 Without some factual allegation in the complaint, it is hard to see how a claimant could

15 satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also

16 'grounds' on which the claim rests." *Id*. at n.3 (citing 5 C. Wright & A. Miller, Federal

17 Practice and Procedure §1202, pp. 94, 95 (3d ed. 2004)).

18     **A.    Proper Defendant**

19       Defendants make a general argument that they are not the proper Defendants for

20 Plaintiff's causes of action.  Specifically, Defendants argue that they are not the loan

21 originator; thus, they are not responsible for any issues relating to the terms of the note.  Doc.

22 13 at 3.  Defendants argument on this point spans pages 7-8 of their motion to dismiss and

23 does not cite any law.

24       The issue of whether a contract is enforceable, and by whom, is a complex legal

25 question.  In this case, Nationstar as attorney in fact for U.S. Bank (and perhaps as the actual

26 beneficiary in its own right under the Deed of Trust), is enforcing the Deed of Trust.  The

27 Deed of Trust incorporates the note for purposes of outlining the repayment terms.  Doc. 6

28

1   at 27-40.

2       It appears undisputed that Nationstar is acting as an agent for U.S. Bank, to whom

3   U.S. Bank has delegated all authority under a Power of Attorney.  It is possible, based on the

4   documents in the record, Nationstar is also the beneficiary under the Deed of Trust.  In either

5   case, it appears undisputed Nationstar is the decision maker who is collecting under the note

6   and enforcing the security interest of the Deed of Trust.  Thus, the issue is whether, when an

7   agent has been delegated all authority, is the agent responsible for its own actions taken on

8   behalf of the principle.

9       The Arizona courts have held, "It goes without saying that the agent is also liable to

10  third persons under general negligence principles." *Borbon v. City of Tucson*, 556 P.2d 1153,

11  1156 (Ariz. Ct. App. 1976).  Thus, the fact that Nationstar may be only an agent does not

12  absolve it from all liability.  As indicated above, Defendants have not cited a single statute

13  or case in support of their argument that an agent is not liable for its actions taken on behalf

14  of the principle.  In the context of a motion to dismiss, the Court concludes that Defendants

15  have failed to establish that they are not subject to liability as a matter of law.

16      In the introduction of the motion to dismiss, Defendants suggest that even the

17  principle, U.S. Bank, could not be liable to Plaintiff for issues stemming from origination of

18  the loan because U.S. Bank is a holder is due course.  Doc. 13, at 3 n.4 (citing *Mecham v.*

19  *United Bank of Ariz.*, 489 P.2d 247, 252 (1971) (discussing holders in due course under the

20  U.C.C. (codified at A.R.S. § 44-2201, et seq.))).  However, the Arizona Supreme Court

21  directly rejected this argument in the context of conducting Trustees' Sales under Deeds of

22  Trust securing notes in the residential real estate context.  *Hogan v. Wash. Mut. Bank, N.A.*,

23  277 P.3d 781, 783 ¶ 9 (Ariz. 2012) ("The UCC does not govern liens on real property.").

24  Accordingly, this argument fails to absolve U.S. Bank, and its agents Nationstar and Aurora,

25  from liability.

26      Plaintiff has moved to amend her complaint in the event the Court concludes that it

27  fails to state a claim.  Doc. 36 at 12.  The Court has concluded that on this record, the Court

28

1    will not dismiss the complaint for the reason advanced by the Defendants. However,

2    Plaintiff should nonetheless move to amend should Plaintiff determine that she must sue

3    Nationstar as attorney in fact for U.S. Bank in addition to its individual capacity to survive

4    a motion for summary judgment.

5         **B.**      **Rule 19**

6         Defendants next move to dismiss arguing that Plaintiff failed "to join a required party

7    under Rule 19." Doc. 13 at 9. Defendants argue that Plaintiff's failure to name Clear Recon

8    Corporation, the Trustee, and American Broker's Conduit, the original lender, means this

9    case must be dismissed because Plaintiff failed to name an indispensable party under Rule

10    19. *Id.* at 10.

11         With regard to the Trustee, Defendants' argument is inconsistent with Arizona law.

12    Specifically, A.R.S. § 33-807(E) provides:

13

14            *The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust.* Any

15            order of the court entered against the beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter. *If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed* and to recover costs and reasonable attorney fees from

16            the person joining the trustee.

17    (Emphasis added.). Indeed, Nationstar was a Defendant in a case where this Court addressed

18    this exact provision as a basis (argued by Defendants) for immediate dismissal of a Trustee.

19    *See Graham-Miller v. Nationstar Mortg. L.L.C.*, 2012 WL 2368494, *4 (D. Ariz. 2012).

20    Accordingly, under Arizona law, the Trustee is not a necessary party to an action against the

21    beneficiary.

22         With regard to American Broker's Conduit, the original lender, Defendants again

23    reassert that they are only servicers; therefore, they cannot be held responsible for any

24    defense to the contract or to formation. However, as discussed above, U.S. Bank is not

25    necessarily absolved from liability because it is enforcing the note and Deed of Trust.

26    Further, Nationstar either its individual capacity or as agent for U.S. Bank acting with

27    complete delegation of authority under a power of attorney is actually foreclosing the house.

28

In fact, Nationstar's own arguments support this conclusion.  Specifically, in its motion, Nationstar states: "... MERS assigned the Deed of Trust to Nationstar on August 31, 2012. [footnote omitted].  Nationstar's rights are very clear.  Furthermore arguments based on the supposed insufficiency of title transfers by MERS do nothing to diminish Nationstar's right to pursue foreclosure."  Doc. 13 at 13.  Thus, Nationstar takes the position that it is the party with the <u>right</u> to foreclose, but that is has no <u>duty</u> to legally carry out the foreclosure.  The Court will not conclude that Nationstar has different capacities for purposes of rights versus liabilities.

On this record, the Court cannot conclude that Plaintiff cannot obtain full relief against Nationstar alone, and accordingly, the Court will not dismiss this case under Rule 19.  However, to the extent that Plaintiff may have claims against American Broker's Conduit, U.S. Bank, and/or Nationstar as Power of Attorney for U.S. Bank, Plaintiff may move to amend her complaint to add these Defendants.

### C.   Plaintiff's complaint

Defendant also attacks some Counts and allegations in Plaintiff's complaint arguing that those Counts fail to state a claim.  The Court will address the Counts of the Complaint in turn.

#### 1.   Negligence

The first Count of Plaintiff's complaint alleges that Defendants were negligent in creating and enforcing an unconscionable note.  Doc. 1 at 7.  More specifically, Plaintiff alleges that the negative amortization features of her note made it unconscionable.  *Id.*

Defendants argue that a lender's non-disclosure of negative amortization provisions in a loan, without more, fails to state a claim.  Doc. 13 at 11 n.41. Defendants further argue that neither Nationstar nor Aurora made any representations regarding the terms of the loan.  *Id.* at 11.

In *Steinberger v. McVey ex rel. County of Maricopa*, 318 P.3d 419 (Ariz. Ct. App. January 30, 2014) (review denied Sept. 23, 2014), the Arizona Court of Appeals held that

that a borrower can state a claim for procedural or process unconscionability when there is "unfair surprise, fine print clauses, mistakes or ignorance of important facts or other things that mean the bargaining did not proceed as it should." *Id*. at 436-37, ¶ 82 (internal citations omitted). Here, Plaintiff is bringing this claim against the party (Nationstar) seeking to enforce this allegedly unconscionable note. Plaintiff, for purposes of Count 1, is not alleging that the terms were not disclosed to her, but that the terms were unconscionable. Accordingly, the Court finds that this states a claim under *Steinberger*.[2]

For the reasons stated above with regard to Nationstar's capacity with regard to enforcement of the note, the Court will deny the motion to dismiss this claim. However, again, to the extent Plaintiff may be able to assert this claim against other entities, Plaintiff may move to amend her complaint.

## 2. Fraud

The second Count of Plaintiff's complaint alleges fraud. Defendants claim Plaintiff's complaint fails to allege what representations were made, who made them, and when. Doc. 13 at 12.[3] However, Plaintiff's complaint in fact does make such allegations. *See* Doc. 1 at 8-9, lines 25-7. Therefore, this argument fails.

Next, Defendants argue that "they" did not make the misrepresentations. While this fact may later be proven to be true, in her complaint Plaintiff alleges that it was Defendants

---

[2] In the reply, Defendants continue to assert the "holder in due course" argument with regard to Plaintiff's unconscionability claim. As discussed above, Defendants are wrong with respect to collection of a security under a Deed of Trust. *See Hogan v. Wash. Mut. Bank, N.A.*, 277 P.3d 781, 783 ¶ 9 (Ariz. 2012) ("The UCC does not govern liens on real property.").

[3] In their motion, Defendants never list the elements of a cause of action for fraud under Arizona law. The Court notes that Plaintiff must plead that: defendant made a false, material misrepresentation that he knew was false or was ignorant of its truth, with the intention that plaintiff would act on it in a manner that was reasonably contemplated, that plaintiff was ignorant of the representation's falsity, rightfully relied on the truth of the representation, and sustained consequent and proximate damage. *Haisch v. Allstate Inc. Co.*, 5 P.3d 940, 944 (Ariz. Ct. App. 2000).

and their agents.  For purposes of a 12(b)(6) motion, this Court must assume this allegation is true.  *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  Accordingly, the Court will not dismiss this claim.

Again, however, to the extent Plaintiff may be able to assert this Count against other entities, Plaintiff may move to amend her complaint.

### 3.   FTC Act

The third Count of Plaintiff's complaint claims a violation of the FTC Act.  Doc . 1 at 9.  Defendants move to dismiss this Count alleging that the Act does not create a private right of action.  Doc. 13 at 9.  In her response, Plaintiff does not dispute this legal argument.  Instead, Plaintiff argues that she is alleging a violation of the Arizona Consumer Fraud Act.  Doc. 36 at 9.  However, Plaintiff's Arizona Consumer Fraud Act Claim is alleged in Count 5 of her Complaint, so the Court will address it as Count 5.

Thus, Plaintiff has argued no basis for Count 3 to state a cause of action.  Accordingly, Count 3 will be dismissed.

### 4.   FDCPA

The fourth Count of Plaintiff's complaint claims a violation of the FDCPA.  Defendants do not specifically move to dismiss the FDCPA claim (beyond the general arguments already addressed above).  Because those theories do not provide a basis for dismissal, the Court will not dismiss this Count.

### 5.   Arizona Consumer Fraud Act ("ACFA")

The fifth Count of Plaintiff's complaint claims a violation of the ACFA. Defendants do not specifically move to dismiss the ACFA claim (beyond the general arguments already addressed above).  Because those theories do not provide a basis for dismissal, the Court will not dismiss this Count.

### 6.   Unlawful Attempted Foreclosure

The sixth Count of Plaintiff's complaint is for "unlawful attempted foreclosure."  Defendants move to dismiss the Count having characterized it as a "wrongful foreclosure"

claim. This Court has previously issued orders on wrongful foreclosure, which neither party discusses. *See, e.g., Schrock v. Federal Nat. Mort. Ass'n,* 2011 WL 3348227, *6 (D. Ariz. 2011).[4] Based on this Court's understanding of the elements of the tort of wrongful foreclosure,[5] the Court does not interpret Plaintiff's claim as one for wrongful foreclosure.

Instead, Plaintiff alleges, "Defendants do not have any legal right to foreclose Plaintiff's property." Doc. 1 at 12, ¶ 61. In *Steinberger,* the Court held that a borrower in default may bring a claim if the borrower possesses a good faith basis to dispute the authority of an entity to conduct a trustee's sale. 318 P.3d at 429-30, ¶ 41. Here, Plaintiff disputes the Defendants' authority to direct the Trustee to conduct the sale. Therefore, the Court finds Plaintiff has stated a claim for the cause of action to avoid a Trustee sale recognized in *Steinberger*.

Because *Steinberger* does not mention a tender requirement as an element of stating this claim, the Court finds Defendants' argument that Plaintiff's claim does not state a claim because she has not alleged that she has tendered full payment is not a basis to dismiss this claim. Because that is Defendants' only argument (other than the general arguments discussed above) why this claim should be dismissed, the motion to dismiss this Count will be denied.

/ / /

/ / /

/ / /

---

[4] The parties' failure to discuss this Court's prior cases is significant because the sole case cited by Defendants to support their motion to dismiss the wrongful foreclosure Count is an unpublished Ninth Circuit Court of Appeals opinion applying California law when obviously a case applying Arizona law would be more on point. *See* Doc. 13 at 9, n.35.

[5] It is unclear to this Court whether the Arizona Courts, based on certain cases decided after this Court decided *Schrock*, would recognize the tort of wrongful foreclosure. *Grady v. Tri-City Nat'l Bank*, CV 12-2507-PHX-JAT; Doc. 26 at 3 (D. Ariz. May 5, 2013).

1

### 7.   Misrepresentation

2    The seventh Count of Plaintiff's complaint is for misrepresentation.  Doc. 1 at 13.[6]

3   Specifically, Plaintiff alleges that Defendants falsely told Plaintiff that she could afford the

4   terms of the note and that her income could support the payments.  *Id*.  Defendants move to

5   dismiss again arguing that they are not the loan originators, and that none of the obligations

6   under the note nor defenses to the note run to them as the enforcers of the note. For the

7   reasons stated above, the Court will not dismiss this Count on that basis.

8

### 8.   Equitable Estoppel

9    The eighth Count of Plaintiff's complaint is for equitable estoppel.  Defendants have

10   not separately moved to dismiss this claim other than for the reasons discussed above.  As

11   discussed above, in the context of this motion to dismiss, the Court will deny the motion.

12   The Court has presumed, for purposes of this Order only, that equitable estoppel is a cause

13   of action under Arizona law.

14   **III.   Conclusion**

15    For the reasons stated above, the Court will deny the majority of the motion to

16   dismiss.  Going forward, the Court will require the following from Defendants.  Should

17   Defendants decide to file another dispositive motion in this case, they are ordered that they

18

19

20    [6] Again, neither party has cited the elements of a misrepresentation claim under Arizona
law.  The Court notes that negligent misrepresentation is a separate tort from that of

21   intentional fraud.  *McAlister v. Citibank (Arizona)*, 829 P.2d 1253, 1261 (Ariz. Ct. App.
1992) (citations omitted).  To prove negligent misrepresentation, (1) there must be

22   incorrect information given for the guidance of others in business dealings; (2) the party
giving the false information intended that the other parties would rely on that information

23   and failed to exercise reasonable care in obtaining or communicating that information;
(3) the other parties were justified in relying on that incorrect information and actually

24   relied to their detriment and (4) such reliance caused their damages.  *See Taeger v.*

25   *Catholic Family & Cmty. Serv.*, 995 P.2d 721, 730 (Ariz. Ct. App. 1999).  However, a
claim for negligent misrepresentation cannot be based only on representations of future

26   conduct because such a claim requires a misrepresentation or omission of a fact.

27   *McAlister*, 829 P.2d at 1261.  "A promise of future conduct is not a statement of fact
capable of supporting a claim of negligent misrepresentation."  *Id.*

28

must first research Arizona law, and only cite cases applying the law of other jurisdictions if they confirm in the motion that there are no cases applying Arizona law (including federal cases applying Arizona law).  Further, Defendants must cite and discuss on-point controlling legal authority, like A.R.S. § 33-807(E), *Hogan* and *Steinberger*.  Indeed, the Defendants' failure to cite or discuss *Steinberger* is particularly troubling given that the Court required them to brief it for purposes of the preliminary injunction hearing (Doc. 7 at 4-5), and the Court's ruling granting a preliminary injunction relied on it.  Doc. 25.  Thus, the Court knows that Defendants are aware of it.

**IT IS ORDERED** that the motion to dismiss (Doc. 13) is granted in part and denied in part; it is granted at to Count 3 and denied as to all other Counts.

DATED this 8th day of October, 2014.

James A. Teilborg
Senior United States District Judge

- 11 -