WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shizue S. White, | No. CV 14-1021-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Aurora Loan Services LLC, Nationstar Mortgage LLC, | |
| Defendants. | |

Pending before the Court is Defendants' Aurora Loan Servicing, LLC and Nationstar Mortgage, LLC Rule 19 Motion to Join an Indispensable Party; or, in the Alternative, for Permissive Joinder of a Non-Party Defendant. (Doc. 46). The Court has considered Plaintiffs' Complaint (Doc. 1), Plaintiff's Response (Doc. 47), and Defendants' Reply (Doc. 48). The Court now rules on the motion.

**I.   Background**

In its previous Order, the Court summarized the background of this dispute as follows:

> Plaintiff refinanced her house in March 2007, with the lender on the note being American Broker's Conduit. Doc. 13 at 3; Doc. 36 at 2. The note was secured by a Deed of Trust under which the Trustee was Chicago Title Insurance Company and the beneficiary was Mortgage Electronic Registrations Systems, Inc. ("MERS"). Defendants allege that American

Broker's Conduit hired Aurora Loan Services, L.L.C. ("Aurora") to service the note. Doc. 13 at 2. Defendants allege that at some point American Broker's Conduit sold or assigned the note and its proceeds to U.S. Bank as Trustee for the Certificate Holders of the LXS 2007 7N Trust Fund ("U.S.Bank"). Doc. 13 at 13. Defendants further allege that after July 1, 2012, either American Broker's Conduit or U.S. Bank relieved Aurora of its servicing responsibilities, and engaged Nationstar Mortgage, L.L.C. ("Nationstar") to service the note. Doc. 13 at 2.

Nationstar contends that it is still the servicer through today, and that being a servicer is its only involvement with this transaction. However, the record, including Nationstar's own filings, shows that Nationstar's legal obligations go beyond that of merely being a servicer. For example, MERS assigned the beneficial interest in the Deed of Trust that secures Plaintiff's residence to Nationstar. Doc. 13 at 13; 51. Notably, MERS made this assignment as nominee for American Broker's Conduit on August 31, 2012. Then, on November 6, 2013, MERS (as nominee for American Broker's Conduit) assigned the "Deed of Trust," including MERS' "beneficial interest under the Deed of Trust" to U.S. Bank (in the fiduciary capacity listed above). Doc. 38 at 21. After MERS assigned its beneficial interest in the Deed of Trust that secures Plaintiff's residence to two different entities, on February 26, 2014, Nationstar as "Attorney in Fact" for U.S. Bank appointed Clear Recon Corporation as Trustee of the Deed of Trust that secures Plaintiff's residence. Doc. 13 at 13, 48. Defendants further allege that Clear Recon Corporation noticed a Trustee sale on April 26, 2014. Doc. 8 at 8. As indicated above, this Court enjoined that sale.

*White v. Aurora Loan Servs. LLC*, 2014 WL 5080904, at *1 (D. Ariz. Oct. 9, 2014).

## II. Motion to Join a Required Party

### A. Legal Standard

Defendants move to join U.S. Bank as a necessary party under Federal Rule of Civil Procedure 19. (Doc. 46). "Federal Rule of Civil Procedure 19 governs the question of whether a person not a party to a suit should be joined because he is necessary for a more complete settlement of the dispute." *Cutrona v. Sun Health Corp.*, 2007 WL 4150210, at *1 (D. Ariz. Nov. 19, 2007). Rule 19 provides, in pertinent part:

> (a) Persons Required to Be Joined if Feasible. (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the

> court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. (2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party.

Fed. R. Civ. P. 19(a)(1)–(2); *see Damian v. CitiMortgage, Inc.*, 2014 WL 1285892, at *3 (D. Ariz. Mar. 31, 2014) ("A party is 'necessary' if in its absence, meaningful relief cannot be afforded to those who are already joined, thus risking multiple lawsuits on the same issue." (quoting *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861 (9th Cir. 2004))). The absence of a necessary party under Rule 19 may be properly raised by any party "at any stage in the proceeding." *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911–12 (9th Cir. 1991); *Weimer v. Maricopa Cnty. Cmty. Coll. Dist.*, 184 F.R.D. 309, 310–11 (D. Ariz. 1998). Importantly, "[a]n entity's status as a 'necessary' party is not judged by any prescribed formula, but instead 'can only be determined in the context of particular litigation.'" *CP Nat'l Corp.*, 928 F.2d at 912 (quoting *Provident Tradesman Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968)).

### B. Discussion

Defendants argue U.S. Bank must be joined as a party defendant for several reasons. Defendants first claim that without joining U.S. Bank, Plaintiff would be afforded incomplete relief. (Doc. 46 at 4). Second, Defendants assert that in U.S. Bank's absence, Plaintiff would be forced to re-litigate the same issues in a separate action. (*Id.*) Defendants also complain that the ability of U.S. Bank to foreclose on the property secured by the deed of trust ("Subject Property") is legally "unclear" and forcing Defendants to "shoulder the litigation" for U.S. Bank is "unfair." (*Id.*) Finally, Defendants contend that U.S. Bank's ability to protect its interest in the Subject Property

1 would be impaired if the Court issued a permanent injunction. (*Id.*) In summary, Defendants "would like U.S. Bank to become a party defendant" because Plaintiff is seeking a permanent injunction against foreclosure of the Subject Property. (*Id.* at 7).[1]

In her Response, Plaintiff contends that U.S. Bank does not have an interest in the litigation and believes "that the proper parties are named in the Complaint." (Doc. 47 at 5). In fact, "Plaintiff has no intention to pursue further actions against U.S. Bank." (*Id.*) Moreover, Plaintiff suggests "U.S. Bank and Defendants share the same interests" and "protective provisions" could lessen any prejudice to U.S. Bank resulting from a permanent injunction. (*Id.*)

As a preliminary matter, the Court construes Defendants' papers to concede that MERS' August 31, 2012 assignment to Nationstar of its beneficial interest in the Deed of Trust securing the Subject Property (Doc. 1 at 46; Doc. 13 at 13; Doc. 13-1 at 51) is no longer operative.[2] Rather, U.S. Bank is the sole beneficiary "under the Deed of Trust" resulting from MERS' November 6, 2013 "Corporate Assignment" to U.S. Bank. (Doc. 9-2 at 59; Doc. 38 at 21; Doc. 59 at 2).[3] In fact, Nationstar, as U.S. Bank's attorney in fact (Doc. 31-3 at 2), is merely U.S. Bank's servicing agent and does not own any beneficial or property interest in the Deed of Trust. (Doc. 48 at 2). Therefore, the issue presented is whether the borrower under a deed of trust can permanently enjoin the deed

---

[1] If Plaintiff's request for a permanent injunction were abandoned, Defendants note, U.S. Bank would not have an interest in the litigation, rendering the present motion moot. (Doc. 48 at 3, 5).

[2] In their papers, Defendants assert that "U.S. Bank is the beneficiary of the deed of trust securing Plaintiff's mortgage" (Doc. 48 at 2) and "U.S. Bank claims an interest in the Subject Property as described by the recorded assignment of the Deed of Trust in its name . . . ." (Doc. 46 at 4). Defendants also entitle U.S. Bank as "the actual owner of the Deed of Trust." (*Id.* at 6). Moreover, Defendants compare themselves with U.S. Bank by noting that "only U.S. Bank has a property interest that will be impaired by an injunction and only U.S. Bank has insurance" while "the present Defendants have no property interests in the subject property whatsoever." (Doc. 48 at 5). Finally, "Defendants have taken steps to clarify beyond any doubt that U.S. Bank, and not Nationstar, is the beneficiary of the Deed of Trust at issue in this action." (Doc. 59 at 2).

[3] Assuming U.S. Bank is the beneficiary of the Deed of Trust and given the fact that Nationstar has given notice of this lawsuit to its principal, U.S. Bank, it would appear that U.S. Bank could file a motion to intervene in order to protect its interests as the outright owner of the Deed of Trust.

of trust's *beneficiary's servicing agent* from foreclosing on the underlying property without "impairing" the ability of the *beneficiary* to protect its interest by foreclosing on the property. After careful consideration, the Court answers in the affirmative.

As a general matter, while a permanent injunction against a principal (in this case U.S. Bank) would restrict the ability of its agent (Nationstar) to foreclose on a property, the reverse is not true. A permanent injunction against an *agent* will not eradicate the *principal's* right to foreclose. Thus, a principal is not necessarily required to be joined to litigation against its agent. *See Le Baron v. Kern Cnty. Farm Labor Union*, 80 F. Supp. 151, 157 (S.D. Cal. 1948) ("[I]t is not necessary that a principal be made a party to an action if relief, such as an injunction, is sought only against the agent.").

In this case, assuming Plaintiff prevails on all claims as set forth in her complaint (Doc. 1), a permanent injunction would be issued against Nationstar and Aurora *only*. Consequently, as stated by Defendants, "U.S. Bank could proceed with a foreclosure or sale of the subject property at any time in the future using a *different* servicing agent." (Doc. 48 at 2) (emphasis added). In other words, whatever the final result of this case (as it is presently positioned) may be, the ability of U.S. Bank to enforce its interest by foreclosing on the Subject Property will in no way be impaired.[4]

For this very reason, Defendants argue that Plaintiff would not obtain meaningful relief without joining U.S. Bank as a party defendant. (*Id.*) However, if Plaintiff prevails on her claims, she would obtain meaningful relief because the named Defendants would be barred from foreclosing on the Subject Property.[5]

---

[4] The Court recognizes that if Plaintiff prevails on all of her claims, U.S. Bank would not be able to utilize Defendants' services to foreclose on the Subject Property. However, the Court does not consider this minimal hindrance to rise to the level of "impairment" or "impediment" contemplated by Federal Rule of Civil Procedure 19.

[5] The Court notes that Plaintiff demands "The prevention of *any* foreclosure sales of 11126 Nocturne Court, Sun City AZ 85251." (Doc. 1 at 16) (emphasis added). At the time of this motion and corresponding briefing, Plaintiff was litigating *pro se*. Because Plaintiff was *pro se*, the Court liberally construes the meaning of the word "any" consistent with her opposition to Defendant's motion to join. Thus, the Court finds that "any foreclosure sales" means the prevention of "any foreclosure sales" *by the named Defendants only*. The Court does not speculate as to whether this is the result Plaintiff ultimately desires. Of course, if Plaintiff desires to prevent any foreclosure of the Subject

## IV. Motion to Dismiss

In the alternative, Defendants argue that if U.S. Bank cannot be joined to this action, the case must be dismissed under Rule 19(b). (Doc. 46). Rule 19(b) states, in pertinent part: "If a person *who is required to be joined if feasible* cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b) (emphasis added).

As discussed, U.S. Bank is not "required to be joined" to this action and any possible prejudice to U.S. Bank would be *de minimis*. Accordingly, the Court will deny Defendants' motion.

## V. Motion to Permissively Join

Finally, Defendants argue that if U.S. Bank is not required to be joined and the case is not dismissed, the Court should permissively join U.S. Bank under Rule 20. (Doc. 46). Rule 20 provides, in pertinent part:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Based upon the plain language of Rule 20(a)(2), Defendants must make a two-prong showing, which they have not done. Defendants have failed to show that "any right to relief" against U.S. Bank has been asserted; thus, they have not established the first element. Accordingly, the Court will deny Defendants' motion.

## VII. Conclusion

Considering the convoluted facts of this case,[6] the exact interests of each entity

---

Property by any entity with the legal right to foreclose, she must move to amend her complaint to name all parties with a beneficial interest in the Deed of Trust.

[6] The Court notes, for example, that MERS assigned its entire interest in the Deed of Trust to two different entities (Nationstar and U.S. Bank); the October 31, 2013

- 6 -

involved in Plaintiff's mortgage and loan could be arduous to determine. Thus, the Court understands Plaintiff's hesitancy to join U.S. Bank, a seemingly blameless non-party, to the litigation. Plaintiff should nonetheless move to amend her complaint if she determines she must sue U.S. Bank to get the full relief she desires. For the reasons set forth above, however, the Court will not force her to do so.

Accordingly,

**IT IS ORDERED** Defendants' Motion to Join an Indispensable Party; or, in the Alternative, for Permissive Joinder of a Non-Party Defendant (Doc. 46) is **DENIED**.

Dated this 31st day of March, 2015.

James A. Teilborg
Senior United States District Judge

---

foreclosure notice stated that "NATIONSTAR MORTGAGE, INC. . . . is the creditor to whom the debt is owed" (Doc. 1 at 50), yet the March 7, 2014 Notice of Trustee's Sale notice named U.S. Bank as the beneficiary under the Deed of Trust (Doc. 1 at 53); the August 16, 2012 letter from U.S. Bank to Plaintiff noted that "All actions related to your mortgage would have been done by Nationstar/Aurora as servicer. . . . U.S. Bank does not have . . . any control over the mortgage servicer" (Doc. 47 at 11); the servicing agents were substituted; and the trustee for the Deed of Trust changed.

- 7 -