WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shizue S. White, | No. CV 14-1021-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Aurora Loan Services LLC, Nationstar Mortgage LLC, | |
| Defendants. | |

Pending before the Court is Plaintiff's Consent Motion to Amend Complaint. (Doc. 63). Plaintiff's motion was filed on March 16, 2015,[1] and the time for Defendants to respond has passed. Plaintiff entitled her motion as her "*Consent* Motion to Amend Complaint." Plaintiff, however, failed to follow the procedures outlined in the Federal Rules of Civil Procedure ("Rules") and the Court's Local Rules for filing a consent motion to amend a pleading. Pursuant to Local Rule 15.1(b):

> If a party files an amended pleading as a matter of course or with the opposing party's *written* consent, the amending party must file a separate notice of filing the amended pleading. . . . If an amended pleading is filed with the opposing party's *written* consent, *the notice must so certify*.

---

[1] Plaintiff has timely filed her motion to amend within the deadline as set by the Court's Rule 16 Scheduling Order. *See* (Doc. 56 at 2).

LRCiv 15.1(b) (emphasis added); *see* Fed. R. Civ. P. 15(a)(2) (providing that when a party wishes to amend its pleading not in the "matter of course," it may do so "only with the opposing party's written consent or the court's leave"). Plaintiff's notice does not "certify" that Defendants provided "*written* consent." Rather, the notice asserts only that "As of the time of filing . . . Defendants have consented to the filing." (Doc. 64 at 2). Due to this deficiency, the Court will analyze Plaintiff's motion as a motion for leave.

Rule 15(a)(2) governs motions for leave to amend pleadings. Specifically, amendments to pleadings not as a "matter of course" may be permitted "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Notably, "[t]he court should freely give leave when justice so requires." *Id.* And, as emphasized by the Supreme Court of the United States, "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In exercising its discretion[,] . . . a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. . . . Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

The extremely liberal policy in favor of amendments is subject to some limitations, however. Motions to amend should be granted unless the court determines that there has been a showing of: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Foman*, 371 U.S. at 182. "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *Leighton*, 833 F.2d at 186).

In this case, the Court has found no evidence of undue delay, bad faith, or undue prejudice. Plaintiff has not previously requested an amendment. Nor is futility an issue.

1  Finally, Defendants did not oppose Plaintiff's motion and remained silent during oral
2  argument when Plaintiff discussed the motion. The Court, therefore, will grant Plaintiff's
3  motion.
4     Accordingly,
5     **IT IS ORDERED** Plaintiff's Consent Motion to Amend Complaint (Doc. 63) is
6  **GRANTED**. Plaintiff shall file an amended complaint in the form attached to her motion
7  on or before Monday, April 13, 2015.
8     Dated this 7th day of April, 2015.

James A. Teilborg
Senior United States District Judge